IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DWIGHT JOSEY,

    Plaintiff,

v.    CASE NO. 5:18-cv-209-MCR-GRJ

CHARLES PLYBON, et al.,

    Defendants.

_____/

## **REPORT AND RECOMMENDATION**

Plaintiff, a prisoner in the custody of the Florida Department of Corrections at the Walton Correctional Institution, initiated this lawsuit on September 7, 2018, by filing a *pro se* complaint pursuant to 42 U.S.C. § 1983. On September 17, 2018, the Court ordered Plaintiff to file an amended complaint and a properly completed motion for leave to proceed *in forma pauperis* or pay the $400.00 filing fee by October 17, 2018. ECF No. 4.

After October 17, 2018, passed without Plaintiff filing an amended complaint and a properly completed motion for leave to proceed as a pauper, the Court ordered Plaintiff to show cause by October 26, 2018, as

to why this case should not be dismissed for failure to comply with an order of the Court and for failure to prosecute.[1]

After October 26, 2018, passed without Plaintiff filing an amended complaint, the Court entered a final show-cause order requiring Plaintiff to respond by December 19, 2018. In the final order, Plaintiff was warned that the failure to respond within the time allotted would result in a recommendation to the district judge that this cause be dismissed for failure to comply with an Order from the Court and for failure to prosecute. As of the date of this order, Plaintiff has not responded to the show-cause order and has failed to otherwise prosecute his case.

A district court has inherent power to control its docket, which includes dismissing a case. *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A.*, 711 F.2d 989, 998 (11th Cir. 1983). The Court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order. Fed. R. Civ. P. 41(b). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Court." *Durham v. Fla. E. Coast Ry. Co.*, 385 F.2d 366, 367 (5th Cir. 1967).

---

[1] By separate order, the Court granted Plaintiff's motion to proceed as a pauper. ECF No. 6.

The Complaint in this case is deficient because Plaintiff fails to state what relief he seeks in this lawsuit. However, in light of the deference owed to *pro se* Plaintiffs, and because the facts alleged in the Complaint likely state a claim for relief assuming Plaintiff intends to seek relief appropriate under 42 U.S.C. § 1983, the Court gave Plaintiff numerous opportunities to amend his complaint to state a claim for relief. Despite clear directives from the Court, Plaintiff has failed to comply with the Court's order and has failed to prosecute his case.

It is therefore respectfully **RECOMMENDED** that this case be **DISMISSED WITHOUT PREJUDICE** for failure to comply with a court order and failure to prosecute.

**IN CHAMBERS** this 21st day of January 2019.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and**

**recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**